UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GAYLE BALLESTEROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-06-105-B-W |
| | ) | |
| BANGOR HYDRO-ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT II OF COMPLAINT AND PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On September 11, 2006, Gayle Ballesteros filed a two-count complaint against Bangor-Hydro Electric Company (Bangor Hydro), claiming that Bangor Hydro violated federal law by improperly denying her severance benefits. *Compl.* (Docket # 1). The first count claimed a violation of the Employee Retirement Income Security Act (ERISA), § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); the second count claimed a violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). *Id.* at 3-4. Bangor Hydro moved to dismiss count two. *Mot. to Dismiss Count II* (Docket # 6). Ms. Ballesteros moved to amend her complaint to restate count two, *Mot. to Amend Compl.* (Docket # 8), and Bangor Hydro has objected. *Def.'s Objection to Pl.'s Mot. to Amend Compl.* (Docket # 13).

**I. STATEMENT OF FACTS[1]**

Hired by Bangor Hydro on September 18, 1981, Gayle Ballesteros had been employed there for over 23 years, when she took a qualified and approved Family and Medical Leave Act

---

[1] For purposes of a motion to dismiss for failure to state a claim upon which relief may be granted, the Court recounts the facts as alleged by the Plaintiff. The Court must accept as true all the plaintiff's well-pleaded factual allegations, and must also "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991).

leave of absence on October 20, 2004.  *Compl.* ¶¶ 5, 6.  In late fall, 2004, Ms. Ballesteros requested information about the terms of a voluntary severance package and she was told by the Human Resources Department that to obtain such a package, she only needed the approval of her immediate supervisor, Kathleen Billings.  *Id.* ¶ 8.  In December, 2004, Ms. Ballesteros took all steps necessary to apply for a voluntary severance pay package and Ms. Billings informed her that she was approved for a severance package equivalent to 46 weeks of eligibility, based on two weeks per year, for 23 years of service, plus other benefits, including health insurance.  *Id.* ¶¶ 9, 10.  Based on these assurances, Ms. Ballesteros voluntarily resigned from employment in early January, 2005.  *Id.* ¶ 11.  After she resigned, Bangor Hydro informed her she would not receive the severance pay package.  *Id.* ¶ 12.  She appealed this decision administratively and on April 13, 2006, Bangor Hydro denied the appeal.  *Id.* ¶ 14.  The Bangor Hydro severance pay benefits plan is an employee welfare benefit plan under ERISA, 29 U.S.C. § 1001, et seq.  *Id.* ¶ 4.

Ms. Ballesteros' original complaint contained one count – captioned Claim for Benefits – under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and a second count – captioned Promissory Estoppel/The Reliance Doctrine – under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). ERISA 502(a)(1)(B) authorizes a plan participant to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan…." 29 U.S.C. § 1132(a)(1)(B). ERISA § 502(a)(3) provides that a participant may file a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan…." 29 U.S.C. § 1132(a)(3).  As a factual predicate for count two,

Ms. Ballesteros alleged that Bangor Hydro made promises that were "definite misrepresentations of fact," that Bangor Hydro's promises "induce[d] [her] to act and forbear, to her detriment," and she "relied on the promises." *Compl.* ¶¶ 22, 24, 25.

After Bangor Hydro filed its motion to dismiss, Ms. Ballesteros moved to amend her complaint to add a single allegation: "Gayle Ballesteros does not have an adequate remedy under the plan and 29 U.S.C. § 1132(a)(1) for the Defendant's misrepresentations and her reliance upon such misrepresentations." *Mot. to Am. Compl.* ¶ 27 (Docket # 8, Ex. 1) (*Proposed Am. Compl.*). Bangor Hydro objects to the motion to amend. *Def.'s Objection to Pl.'s Mot. to Amend Compl.*

## II. DISCUSSION

The Supreme Court described ERISA as a "comprehensive and reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252 (citation and internal punctuation omitted). The civil enforcement provisions of the Act are "carefully integrated". *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). Section 502(a)(1), 29 U.S.C. § 1132(a)(1), authorizes actions by participants or beneficiaries "to recover benefits due . . . *under the terms of [the] plan*, to enforce . . . rights *under the terms of the plan*, or to clarify . . . rights to future benefits *under the terms of the plan*[.]" (emphasis added).

Here, Ms. Ballesteros seeks benefits under the plan in count I on the ground that the plan, under its terms, grants her those benefits. However, in count II, she seeks benefits under the theory that Bangor Hydro made misrepresentations of fact that led her to submit her voluntary resignation and that Bangor Hydro should be held to "the promises of the company that induced her actions and forbearances." *Compl.* ¶ 26. The gist of count II, filed under § 502(a)(3), 29

U.S.C. § 1132(a)(3), is that, even if the plan does not provide benefits, her employer should do so on equitable estoppel grounds. As count II would become effective only if Ms. Ballesteros were determined not to be entitled to benefits under count I, count II requires that the terms of the plan be subsumed in favor of representations made to Ms. Ballesteros. *See Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 (9th Cir. 1993). Not surprisingly, the law restricts the ability of employees to obtain equitable relief under § 502(a)(3), 29 U.S.C. § 1132(a)(3) for benefits they are not entitled to pursuant to § 502(a)(1), 29 U.S.C. § 1132(a)(1), under the terms of the employer's ERISA plan.

In *Varity Corp. v. Howe*, the Supreme Court addressed the circumstances under which a claim may be made under ERISA § 502(a)(3), 29 U.S.C § 1132(a)(3).[2] 516 U.S. 489, 515 (1996). *Varity* analyzed the "overall structure" of § 502 and observed that § 502(a)(1) focused on the "wrongful denial of benefits and information." *Id.* at 512. In the context of the statutory scheme, *Varity* concluded that § 502(a)(3) was a "catch-all" provision, which acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* In *Varity*, because the plaintiffs were prevented from claiming benefits under § 502(a)(1)(B) due to the fact that they were no longer members of the plan and were prevented from claiming benefits under § 502(a)(2) because it does not provide a remedy for individual beneficiaries, the Court concluded that they should be allowed to proceed under § 502(a)(3) because otherwise, they would "have no remedy at all." *Id.* at 515.

---

[2] Ms. Ballesteros alleged and Bangor Hydro admitted that the voluntary severance package is covered by ERISA. *Compl.* ¶ 4 (Docket # 1); *Answer* ¶ 4 (Docket # 4). In *O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 264 (1st Cir. 2001), the First Circuit concluded that a voluntary severance package which was "little more than a lump-sum severance package… was not an ERISA-covered plan." At first blush, the Bangor Hydro severance package has much in common with the Commonwealth Gas severance package the First Circuit concluded was not covered by ERISA. However, unlike the Commonwealth plan, the Bangor Hydro package included payment of retirement benefits under a defined benefit plan, which triggers ERISA concerns about "an ongoing administrative scheme that is subject to mismanagement" as opposed to a "one-shot, take-it-or-leave-it incentive.". *Id.* at 267.

Following *Varity* in *Larocca v. Borden, Inc.*, the First Circuit set forth a two-step inquiry to evaluate a cause of action under § 502(a)(3): "1) is the proposed relief equitable, and 2) if so, is it appropriate?" 276 F.3d 22, 27-28 (1st Cir. 2002). *Larocca* noted that "[t]he Supreme Court has held that, in the context of ERISA, 'equitable relief' includes 'those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages).'" *Id.* at 28 (quoting *Mertens*, 508 U.S. at 256). As *Larocca* explained, the first focus is the nature of the relief the plaintiff is seeking.

Here, Ms. Ballesteros demands the same relief in counts I and II:

> **WHEREFORE**, the Plaintiff respectfully requests a judgment against Bangor Hydro-Electric Company in a reasonable sum, reasonable attorney fees, together with the benefits promised and not provided and interest thereon, with costs of court and any other relief as is just and equitable in the circumstances. Such just and equitable relief includes, without limitation of the financial damages, *specific performance* by securing the insurance and other benefits that are being withheld from the Plaintiff.

*Compl.* at 3, 4 (emphasis in original). For each count, the relief Ms. Ballesteros is seeking is compensatory damages, the benefits – past and future – that she contends Bangor Hydro owes under the terms of the plan. In other words, if she is successful in proving her case under count one, she will obtain all the relief she has sought. In such a circumstance, as *Larocca* observes, "federal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)." *Larocca*, 276 F.3d at 28 (citations omitted). Ms. Ballesteros' attempt to "recharacterize the . . . remedy," *id.* at 29 n.8, simply by making the blanket assertion that she

"does not have an adequate remedy under the plan and 29 U.S.C. § 1132(a)(1)," does not permit her to pursue claims for equitable relief.[3]  *Proposed Am. Compl.* ¶ 27.

Ms. Ballesteros cites *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285 (11th Cir. 1990) for the proposition that a claim for equitable relief in the nature of estoppel can be made when a plaintiff relied on representations concerning an interpretation of the plan where the plan language was ambiguous.  *Kane* is a slender reed.  First, it preceded *Mertens*, *Varity,* and in this circuit, *Larocca.*  Second, it is "still an open question in this circuit whether an equitable estoppel claim is permitted under ERISA."  *Mauser v. Raytheon Co. Pension Plan for Salaried Employees*, 239 F.3d 51, 57 (1st Cir. 2001).  Third, even if equitable estoppel is available, the First Circuit has required that the employee demonstrate that the employer made "definite misrepresentations of fact" with reason to believe that the employee would rely on it and the employee must demonstrate that she relied "reasonably on the misrepresentation to [her] detriment."  *Id.* (citation omitted).[4]  Fourth, the First Circuit has signaled a reluctance to exercise the court's "equitable powers to fashion a common law remedy through 'interstitial lawmaking' where ERISA does not provide one…."  *O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 265 n.4 (1st Cir. 2001); *Mauser*, 239 F.3d at 57 ("[W]e must exercise caution in creating new

---

[3] The assertion that she does not have an adequate remedy at law is a legal contention, not a factual averment.  Thus, the Court need not accept the allegation, even in the context of a motion to dismiss.  *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) ("In deciding a motion to dismiss under Rule 12(b)(6), [we] must take all well-pleaded facts as true, but [we] need not credit a complaint's bald assertions or legal conclusions.") (citation omitted).  Similarly, neither may Plaintiff pursue equitable relief simply by demanding "specific performance." While specific performance is relief typically available in equity, Plaintiff, here, is not truly seeking equitable relief but rather compensatory damages.  That is, the "specific performance" that she demands is, at bottom, for Bangor Hydro to pay benefits under the plan.  The Complaint seeks relief which is only nominally, not substantively equitable in nature.  *Mertens v. Hewitt Assocs*., 508 U.S. 248, 255 (1993) ("Although they often dance around the word, what petitioners in fact seek is nothing other than compensatory *damages…*") (emphasis in original); *Massey v. Stanley-Bostitch, Inc.*, 225 F. Supp. 2d 7, 13 (D.R.I. 2003) ("It is obvious to this Court that Count II is the legal doppelganger of Count III….").

[4] Were these the only criteria, the allegations in Ms. Ballesteros' pleadings would survive the motion.  *See Compl*. ¶¶ 22-25; *Proposed Am. Compl*. ¶¶ 22-25.

common law rules for pension plans; we should only act when there is, in fact, a gap in the structure of ERISA or in the existing federal common law relating to ERISA.").

At this stage, the Court may dismiss a claim under Rule 12(b)(6) "only if it clearly appears that, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d 45, 48 (1st Cir. 2000). Further, the Court must not only accept as true all the plaintiff's well-pleaded factual allegations, but must also "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991).

Even accepting Ms. Ballesteros' allegations that Bangor Hydro made "several statements and promises to Gayle Ballesteros pertaining to her employment, including promises of a severance package," that those statements were "misrepresentations of fact," that Bangor Hydro should "reasonably have expected to induce Gayle Ballesteros to act and/or forbear on the promises," and that these promises "did induce Gayle Ballesteros to act and forbear, to her detriment," *Compl.* ¶¶ 21-24, count two still founders on the first *Larocca* inquiry: whether the relief sought is equitable in nature. Here it is not. Because Ms. Ballesteros is demanding in count two the same compensatory relief available under § 502(a)(1), 29 U.S.C. § 1132(a)(1), under *Larocca*, she has not stated a claim upon which relief may be granted either in her original Complaint or in her Proposed Amended Complaint. This ruling is consistent with similar rulings in this District and Circuit. *See Balestracci v. NSTAR Elec. & Gas Corp.*, 449 F.3d 224, 233 n.5 (1st Cir. 2006); *Green v. ExxonMobil Corp.*, 413 F. Supp. 2d 103, 114 (D.R.I. 2006); *Fletcher v. Tufts Univ.*, 367 F. Supp. 2d 99, 116 (D. Mass. 2005); *Villanueva v. Lambert*, 339 F. Supp. 2d 351, 358 (D.P.R. 2004); *Kourinos v. Interstate Brands Corp.*, 324 F. Supp. 2d 105, 107 (D. Me.

2004); *Util. Workers, Local 369 v. NSTAR Elec. & Gas Corp.*, 317 F. Supp. 2d 69, 72 (D. Mass. 2004); *King v. Unum Life Ins. Co. of Am.*, 221 F. Supp. 2d 1, 3 (D. Me. 2002).

A motion to amend a complaint is measured by the "liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Dep't for Children*, 274 F.3d 12, 19 (1st Cir. 2001). Further, under Rule 15(a), leave to file amended pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). Nevertheless, here, the proposed amended complaint, if allowed, would still not mend the legal hole in the Plaintiff's claim. Given the futility of Plaintiff's motion to amend, the Court denies the motion. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."); *Boudman v. Aroostook Band of Micmac Indians*, 54 F. Supp. 2d 44, 49 (D. Me. 1999).[5]

## III.  CONCLUSION

The Court GRANTS Defendant Bangor Hydro-Electric Company's Motion to Dismiss Count II of Plaintiff's Complaint (Docket # 6) and DENIES Plaintiff's Motion to Amend Complaint (Docket # 8).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2006

---

[5] In *Papadopoulos v. Hartford Life Ins. Co*, the court denied a motion to amend in similar circumstances. 379 F. Supp. 2d 117, 130 (D. Mass. 2005). The court commented: "Leave to amend must be denied if the amendment would be futile. As [Defendant] correctly points out, the fact that plaintiff has a claim under 29 U.S.C. § 1132(a)(1) precludes a claim under § 1132(a)(3). That is true even though plaintiff's claim under § 1132(a)(1) proved to be without merit. Thus, any claim arising under § 1132(a)(3) would be futile as a matter of law. *Papadopoulos,* at 129-30 (internal citations omitted).