UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GAYLE BALLESTEROS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANGOR HYDRO-ELECTRIC ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Civil No. 06-105-B-W |

**MEMORANDUM OF DECISION
AND
AMENDED SCHEDULING ORDER**

Gayle Ballesteros claims her former employer has wrongfully denied her severance pay and other benefits she should have received through her employee welfare benefit plan. Following an initial round of motion practice, I issued a scheduling order placing this case on the standard track. The defendant employer has filed an objection to the scheduling order, asking that the case be placed on the administrative track and all discovery be prohibited.

In Glista v. UNUM Life Insurance Company, the Court of Appeals for the First Circuit observed that "an administrative agency's guidelines or regulations . . . are routinely considered in evaluating whether the agency's actions were arbitrary or capricious." 378 F.3d 113, 122 (1st Cir. 2004). It is implicit in the Glista opinion that the pertinent guidelines and regulations are those bearing on the claim under review. Discovery aimed at internal guidelines and regulations should pertain to "discrete documents easily made available," id. at 123, so as not to be unduly burdensome for the administrator and so as not to frustrate the Court in its effort to efficiently adjudicate the pending ERISA appeal. Additionally, the proposed discovery should be designed

to "shed light on the 'legal' rule the Plan applies," id., so that the focus remains on the administrative decision being reviewed rather than being redirected toward the administrative decision-maker. Indeed, presumably a plan administrator will produce such documents in response to a request made during the administrative claims handling process for, "under new federal regulations, claimants are entitled to obtain copies of precisely such documents." Id.[1] These regulations "reflect the Department of Labor's expert judgment that the benefits of making such information available to claimants outweigh the potential burdens on plan administrators." Id.

    Under Liston v. Unum Corporation Severance Plan, 330 F.3d 19, 23-24 (1st Cir. 2003), the discovery sought should, ordinarily, relate to the task of evaluating the reasonableness of the decision under review. Reviewing an administrative decision for reasonableness is not always neatly constrained to a review of the substantive merits of the claim. Procedural shortcomings can also render a claim determination unreasonable, although even a biased decision-maker can produce a reasonable claim determination. To the extent Ms. Ballesteros seeks to discover those guidelines that are necessary to (1) establish the parameters of the administrative record [and] (2) permit meaningful judicial review of the current action, especially to determine the degree to which internal guidelines were observed, her discovery requests may be within the accepted parameters. It is too early in the process to form any conclusions about the discovery sought, because no specific discovery initiative has yet been undertaken.

    With the foregoing discussion in mind, the entry on the motion will be:

---

[1]    See 29 C.F.R. § 2560.503-1(g)(1)(v)(A), (j)(5)(i), (m)(8)(ii).

The Motion to Amend the Scheduling order is granted in part.  The scheduling order is modified to indicate the deadline to file the complete administrative record is January 22, 2007,[2] and any motions to modify that record must be filed by February 1, 2007.  The deadline for dispositive motions remains as set in the scheduling order, including motions for judgment on the administrative record, the preferred procedural mechanism.  The deadline to amend pleadings and the discovery deadline remain as previously established, provided, however, that discovery will be limited in accordance with First Circuit precedent, and any discovery dispute over particular discovery initiatives should be brought to the court's attention immediately pursuant to Local Rule 26(b), if the parties meet and confer and cannot agree about the inclusion of particular items in the administrative record.  There is no requirement that initial disclosures be made by either side.  The decision as to whether a trial, i.e., an evidentiary hearing on any issue, will occur will not be made until the court has reviewed the complete administrative record and any motions for judgment on the record filed by the parties.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated  January 10, 2007

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[2]   I do not consider the denial of benefits letter sent to Ms. Ballesteros to be a complete administrative record. Most commonly the administrative record would, at least, include a copy of the relevant portion of the Plan, any SPD or other documents, and other information considered by the plan administrator in denying benefits. Additionally, the benefits denial letter seems to suggest that the decision-maker relied upon a number of other items in making the decision.